UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELLIOTT D. GOODIN,<br><br>                Plaintiff,<br><br>   v.<br><br>IKE (ROBERT) VERCOE,<br><br>                Defendant. | NO: 2:18-CV-0392-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT is Plaintiff's construed Motion for Temporary Restraining Order (ECF No. 15). Also before the Court are Defendant's Motion for Order to Produce Medical and/or Mental Health Records of Elliot Goodin and Enter a Protective Order (ECF No. 16) and Motion to Expedite (ECF No. 17). These matters were heard without oral argument. The Court has reviewed the record and files herein, and is fully informed. For reasons discussed below, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order (ECF No. 15). Defendant's Motion for Order to Produce Medical and/or Mental Health Records

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 1

and Enter a Protective Order (ECF No. 16) and Motion to Expedite (ECF No. 17) are **DENIED as moot**.

## BACKGROUND

Plaintiff Elliott D. Goodin, proceeding *pro se* and *in forma pauperis*, brings suit against Defendant Ike (Robert) Vercoe ("Vercoe"). Plaintiff is a patient at Eastern State Hospital, and Defendant Vercoe is an employee of Eastern State Hospital. ECF No. 1 at 2-3. Plaintiff's Complaint alleges that on November 12, 2018, Plaintiff was asked to go to the seclusion room at Eastern State Hospital because another patient was cursing at Plaintiff. ECF No. 1 at 4, 6. Plaintiff went to seclusion room voluntarily. *Id*. Plaintiff alleges that, once in the seclusion room, he was assaulted by Defendant Vercoe. *Id*. Plaintiff claims that Defendant Vercoe broke Plaintiff's hand and slammed his head onto the concrete floor during the assault. *Id*. at 4-6. Plaintiff has provided copies of the ex-rays taken of his hand after the incident, which confirm that he had two broken knuckles and a chipped bone in his hand. *See id*. at 4-5, 7; ECF No. 1-1 at 2-6. Asserting a cause of action under 42 U.S.C. § 1983, Plaintiff alleges that Defendant Vercoe physically assaulted Plaintiff in the seclusion room at Eastern State Hospital on November 12, 2018. Plaintiff seeks damages for the injuries he sustained during the alleged assault.

Defendant Vercoe denies that he committed any assault or alleged inappropriate behavior and contends Plaintiff was physically assaultive toward Eastern State Hospital staff and was banging himself on the door and windows of the seclusion room. ECF No. 10.

On June 14, 2019, the Court received a letter from Plaintiff, which the Court has construed as a motion for a temporary restraining order ("TRO"). ECF No. 15. In response to Plaintiff's motion, Defendant Vercoe moved the Court to issue an order requiring the production of certain medical and/or mental health records of Plaintiff and to enter a protective order relating to those records. ECF No. 16. As he explains in the motion, Defendant Vercoe requests the records "because they are relevant to the matters and issues raised in this litigation and/or may lead to discoverable material, and they are necessary to address [Plaintiff's] request for a temporary restraining order." *Id*. at 1.

**DISCUSSION**

**A. Plaintiff's Motion for TRO**

In the pending motion, Plaintiff alleges that Defendant Vercoe has been harassing him at Eastern State Hospital and seeks "a temporary restraining order of 500 yards until the trial" to prevent further harassment. ECF No. 15.

A preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008). To obtain injunctive relief under Rule 65, a

plaintiff must make a "clear showing" of: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief. Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks and citation omitted).

Here, the Court denies Plaintiff's motion for a TRO for two reasons. First, the Court lacks jurisdiction to grant the specific relief requested by Plaintiff. While the Court has jurisdiction over Defendant Vercoe, as the sole named defendant in this action, the Court has no jurisdiction to restrain or enjoin non-parties, such as Defendant Vercoe's employer, the State of Washington. However, the relief Plaintiff seeks—a TRO requiring Defendant Vercoe to remain 500 yards

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 4

away from Plaintiff until trial—would effectively bind the State of Washington because Defendant Vercoe is state employee. The Court simply lacks jurisdiction to restrain the State of Washington in this way. Second, Plaintiff fails to establish, let alone discuss, any of the *Winter* factors in his motion. The Court will not make the requisite *Winter* arguments on Plaintiff's behalf. For these reasons, the Court denies Plaintiff's Motion for TRO. ECF No. 15.

Having denied Plaintiff's motion, the Court also denies as moot Defendant Vercoe's related motion for medical and/or mental health records and a protective order (ECF No. 16) and his motion to expedite (ECF No. 17).

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order (ECF No. 15) is **DENIED**.

2. Defendant Vercoe's Motion for Order to Produce Medical and/or Mental Health Records of Elliot Goodin and Enter a Protective Order (ECF No. 16) and Motion to Expedite (ECF No. 17) are **DENIED as moot**.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

**DATED** June 28, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 5