UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELLIOTT D. GOODIN,<br><br>Plaintiff,<br><br>v.<br><br>IKE (ROBERT) VERCOE,<br><br>Defendant. | NO. 2:18-CV-0392-TOR<br><br>ORDER FOLLOWING COMPETENCY HEARING AND DENYING DEFENDANT'S MOTION TO PRODUCE MEDICAL RECORDS |

On Thursday, February 6, 2020, the Court conducted a competency hearing. Plaintiff Elliott Goodin appeared and proceeded *pro se*. Joseph Ehle and Derek T. Taylor appeared on behalf of Defendant. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Court finds Plaintiff is competent to proceed *pro se*, and denies Defendant's Motion to Produce Medical Records (ECF No. 23), with leave to renew.

**BACKGROUND**

Plaintiff Elliott D. Goodin, proceeding *pro se* and *in forma pauperis*, brings this suit against Defendant Ike (Robert) Vercoe, asserting a cause of action under

ORDER FOLLOWING COMPETENCY HEARING AND DENYING
DEFENDANT'S MOTION TO PRODUCE MEDICAL RECORDS ~ 1

42 U.S.C. § 1983. Plaintiff is a patient at Eastern State Hospital, and Defendant is an employee of Eastern State Hospital. ECF No. 1 at 2-3. For reasons previously explained at ECF No. 24, the circumstances of this case triggered the Court's obligation under Fed. R. Civ. P. 17(c) to determine whether Plaintiff is competent to proceed *pro se* and whether appointment of a guardian ad litem is necessary.

## DISCUSSION

### A. Competency to Proceed

Under the Federal Rules of Civil Procedure, the court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). Here, Plaintiff is domiciled in Washington. Under Washington law, "a court properly appoints a [guardian ad litem] for a litigant party when the court is reasonably convinced that the litigant is not competent to understand the significance of legal proceedings and the effect of such proceedings on the litigant's best interests." *In re Marriage of Blakely*, 111 Wash. App. 351, 358 (2002). "Federal courts in this circuit have found that a broad range of evidence may inform the court's decision [on a Rule 17 competency determination]: a report of mental disability by a government agency, … the sworn declaration of the person or those who know him, … the representations of

counsel, … diagnosis of mental illness, … a review of medical records, … the person's age, illnesses, and general mental state, … and the court's own observations of the person's behavior, including the person's 'manner and comments throughout the case' that suggest he does not 'have a grasp on the nature and purpose of the proceedings' … ." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (internal citations omitted).

Here, the Court engaged in a colloquy with Plaintiff and finds that Plaintiff is competent to understand the significance of the proceedings in this case and the effects of those proceedings on his best interests. *Blakely*, 111 Wash. App. at 358. Upon questioning from the Court, Plaintiff was able to explain the nature of this case, the allegations he has made against Defendant, the injury he alleges he has suffered, and how this case could help him recover for the alleged injury. Plaintiff further stated that he has consulted with a private attorney, who is currently considering representing Plaintiff in this matter. Plaintiff was responsive to the Court's questioning and was able to communicate in a logical and coherent manner. Accordingly, the Court finds Plaintiff is competent to proceed *pro se* and a guardian ad litem is not necessary to protect his interests.

**B. Discovery Motion**

Upon determining Plaintiff is competent to proceed *pro se*, the Court considered Defendant's Motion to Produce Medical Records (ECF No. 23), which

was previously held in abeyance pending the competency determination.  *See* ECF No. 24.  Plaintiff orally objected to the discovery request on the grounds that it was not relevant to this case.  The Court agrees that the discovery motion, in its current state, is overly broad and seeks information not relevant to this case.  Defendant may file a new discovery motion that is more tailored to obtain information specifically relevant to this case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Produce Medical Records (ECF No. 23) is **DENIED**, with leave to renew.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** February 6, 2020.



THOMAS O. RICE
Chief United States District Judge