UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELLIOTT D. GOODIN,<br><br>                Plaintiff,<br><br>    v.<br><br>IKE (ROBERT) VERCOE,<br><br>                Defendant. | NO. 2:18-CV-0392-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION ORDER AND MOTION TO APPOINT INVESTIGATOR |

BEFORE THE COURT are Plaintiff's Motion for Protection Order (ECF No. 37) and Motion to Appoint Investigator (ECF No. 41). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Protection Order (ECF No. 37) and Plaintiff's Motion to Appoint Investigator (ECF No. 41) are DENIED.

**A. Motion for Protection Order**

Plaintiff filed a request for a "protection order," which this Court construes as a request for preliminary injunctive relief. ECF No. 37. Plaintiff specifically

requests a court order prohibiting Defendant from coming within 200 yards of Plaintiff. *Id.* Plaintiff's request is duplicative of his prior Motion for Temporary Restraining Order. ECF No. 15 (requesting Defendant be prohibited from coming within 500 yards of Plaintiff). As the Court previously explained at ECF No. 19, Plaintiff's request would bind Defendant's employer, the State of Washington, but the State is not a party in this case. That Eastern State Hospital may receive federal funding, as Plaintiff argues, does not give rise to jurisdiction in this case. ECF No. 40. Therefore, this Court does not have jurisdiction to restrain the State by ordering its employee, Defendant, to maintain a certain distance from Plaintiff in the scope of Defendant's employment. Even if this Court did have jurisdiction, Plaintiff fails to discuss the relevant legal considerations for injunctive relief, much less establish a legal entitlement to such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For these reasons, Plaintiff's Motion for Protection Order (ECF No. 37) is denied.

**B. Motion to Appoint Investigator**

Plaintiff filed a request that the Court appoint the Eastern State Hospital investigator or another investigator from the State of Washington to investigate Plaintiff's case due to Plaintiff's indigent status. ECF No. 41. Plaintiff is proceeding *pro se* and *in forma pauperis*. "The Supreme Court has declared that

'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ….'" *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)) (brackets in original). Congress has authorized an indigent party to a civil suit to apply to proceed *in forma pauperis*, which allows the party to proceed without prepayment of court fees. 28 U.S.C. § 1915(a)(1). However, the IFP statute does not authorize payment of litigation costs, "implying that even IFP plaintiffs are expected to bear the burden of these expenses." *Clinton v. Cal. Dep't of Corr.*, No. CIV S-05-1600-LKK-CMK-P, 2009 WL 210459, at *5 n.10 (C.D. Cal. Jan. 20, 2009). Plaintiff's indigent status does not justify the appointment of an investigator at public expense. Plaintiff's Motion to Appoint Investigator (ECF No. 41) is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Protection Order (ECF No. 37) is DENIED.

2. Plaintiff's Motion to Appoint Investigator (ECF No. 41) is DENIED.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** March 10, 2020.



THOMAS O. RICE
Chief United States District Judge