1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

ELLIOTT D. GOODIN,

8

Plaintiff,

9

v.

10

IKE (ROBERT) VERCOE,

11

Defendant.

NO. 2:18-CV-0392-TOR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

12    BEFORE THE COURT is Defendant's Motion for Summary

13   Judgment (ECF No. 47).  This matter was submitted for consideration without oral

14   argument.  The Court has reviewed the record and files herein, and is fully

15   informed.  For the reasons discussed below, Defendant's Motion for Summary

16   Judgment (ECF No. 47) is GRANTED.

17                                **BACKGROUND**

18    **A.  Procedural History**

19      This case concerns Plaintiff's allegations that Defendant Ike (Robert) Vercoe

20   assaulted Plaintiff and broke Plaintiff's arm while Plaintiff was a patient at Eastern

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1  State Hospital ("ESH").  ECF No. 1 at 4-7.  On December 21, 2018, Plaintiff,

2  proceeding *pro se* and *in forma pauperis*, filed a Complaint in federal court.  ECF

3  No. 1.  On February 1, 2019, the Court reviewed the Complaint and directed

4  service of Plaintiff's construed Section 1983 claim on Defendant Vercoe.  ECF No.

5  5.  After Plaintiff failed to respond to a discovery motion, the Court *sua sponte* set

6  a hearing to determine Plaintiff's competency to proceed *pro se*.  ECF No. 24.  On

7  February 6, 2020, the Court conducted a competency hearing and determined that

8  Plaintiff was competent to proceed *pro se*.  ECF No. 34.

9      On April 2, 2020, Defendant filed the instant Motion for Summary

10  Judgment, accompanied by a *Rand* notice.  ECF Nos. 47, 49; *see Rand v. Rowland*,

11  154 F.3d 952 (9th Cir. 1998).  Plaintiff responded, ECF No. 50, and Defendant

12  timely replied, ECF No. 51.  Plaintiff then filed a second response, ECF No. 52,

13  and Defendant filed a proposed sur-reply.  ECF Nos. 53, 54.  Defendant's Motion

14  for Permission to File Sur-Reply, ECF No. 53, is granted, and the Court considers

15  the full record in deciding Defendant's Motion for Summary Judgment, including

16  Plaintiff's recently filed Amendments, ECF No. 55.

17  **B.  Factual Background**

18      The following facts are not in dispute.  For purposes of summary judgment,

19  "[i]f a party fails to properly support an assertion of fact or fails to properly address

20  another party's assertion of fact as required by Rule 56(c), the court may …

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1  consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Because Plaintiff failed to

2  file any opposing statement of facts, Defendant's proffered facts are deemed

3  admitted.[1]

4      Defendant has been in charge of running the store on the 2 S 1 ward at ESH

5  for approximately four years. ECF No. 48 at 1, ¶ 1. Plaintiff and Defendant had a

6  good working relationship while Plaintiff worked at the store, although Plaintiff

7  was eventually restricted from working at the store due to Plaintiff's inappropriate

8  behaviors. *Id.* at ¶¶ 2-3. ESH staff are aware that Plaintiff has a history of cycling

9  and threating and assaultive behaviors. ECF No. 48 at 2, ¶ 4. Plaintiff is known

10  for targeting staff members when he is redirected or told "no." *Id.* at ¶ 5.

11

12

13  [1]    Plaintiff's responsive briefing at ECF Nos. 50 and 52 discusses Plaintiff's

14  version of the facts, but Plaintiff has failed to support his factual assertions with

15  anything other than imaging of an age-indeterminate hand injury. *See* Fed. R. Civ.

16  P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (requiring the non-

17  moving party to "go beyond the [unverified] pleadings" and submit admissible

18  evidence supporting its position). While the Court considers the medical imaging

19  Plaintiff submitted, Plaintiff's assertions of fact in his response briefs are

20  unverified and are therefore not appropriately considered on summary judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

1    Plaintiff was non-compliant with medications and exhibiting cycling

2  symptoms.  *Id.* at ¶ 8.  When Plaintiff is not compliant with medications and

3  cycling, he displays aggressive and assaultive behaviors.  *Id.* at ¶ 9.  Plaintiff was

4  placed in seclusion when he repeatedly threatened physical bodily harm against

5  ESH staff members, including threats of sexual assault and death.  *Id.* at ¶¶ 6-7.

6  While in seclusion, Plaintiff continued to threaten staff and punch and kick the

7  door and walls.  *Id.* at ¶ 10.  Due to this continued behavior, the ward psychiatrist

8  sought an order for an antipsychotic injection.  *Id.* at ¶ 11.

9    Plaintiff refused to cooperate with receiving the injection.  *Id.* at ¶ 12.

10  Plaintiff positioned himself in the bathroom in the seclusion room in a manner

11  ready to fight when ESH staff entered the room.  ECF No. 48 at 3, ¶ 13.  Defendant

12  was the first person to enter the room and utilized a foam pad to ensure the safety

13  of ESH staff and Plaintiff.  *Id.* at ¶¶ 14-15.  As Defendant entered the seclusion

14  room, Plaintiff attempted to hit and kick ESH staff.  *Id.* at ¶ 16.  Plaintiff kicked

15  Defendant in the shin, lost his balance, and fell to the floor.  *Id.* at ¶¶ 17-18.

16  Neither Defendant nor any other ESH staff member forced Plaintiff to the floor.

17  *Id.* at ¶ 19.  Defendant fell on top of Plaintiff with the foam pad between the two of

18  them.  *Id.* at ¶ 20.  Plaintiff was then appropriately restrained and received the

19  injection.  ECF No. 48 at 3-4, ¶¶ 21, 23.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

1    Defendant exercised the least amount of force possible for the situation.

2  ECF No. 48 at 4, ¶ 22.  Plaintiff did not report any injury at the time he was

3  restrained.  *Id.* at ¶ 24.  Plaintiff was resistant to ESH staff assessing him or

4  looking at his hands.  *Id.* at ¶ 25.  After ESH staff left the seclusion room, Plaintiff

5  remained angry and aggressive and repeatedly pounded the door with both fists.

6  *Id.* at ¶ 26.

7                                    **DISCUSSION**

8    **A.  Summary Judgment Standard**

9    The Court may grant summary judgment in favor of a moving party who

10  demonstrates "that there is no genuine dispute as to any material fact and that the

11  movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling

12  on a motion for summary judgment, the court must only consider admissible

13  evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

14  The party moving for summary judgment bears the initial burden of showing the

15  absence of any genuine issues of material fact.  *Celotex*, 477 U.S. at 323.  The

16  burden then shifts to the non-moving party to identify specific facts showing there

17  is a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

18  242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the

19  plaintiff's position will be insufficient; there must be evidence on which the jury

20  could reasonably find for the plaintiff."  *Id*. at 252.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

1    For purposes of summary judgment, a fact is "material" if it might affect the

2   outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. Further,

3   a material fact is "genuine" only where the evidence is such that a reasonable jury

4   could find in favor of the non-moving party. *Id.* Summary judgment will thus be

5   granted "against a party who fails to make a showing sufficient to establish the

6   existence of an element essential to that party's case, and on which that party will

7   bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In ruling on a

8   summary judgment motion, a court must construe the facts, as well as all rational

9   inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

10   *Harris*, 550 U.S. 372, 378 (2007).

11    A *pro se* litigant's contentions offered in motions and pleadings are properly

12   considered evidence "where such contentions are based on personal knowledge

13   and set forth facts that would be admissible in evidence, and where [a litigant]

14   attest[s] under penalty of perjury that the contents of the motions or pleadings are

15   true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (allegations

16   in a *pro se* plaintiff's verified pleadings must be considered as evidence in

17   opposition to summary judgment). Conversely, unverified pleadings are not

18   treated as evidence. *Contra Johnson v. Meltzer*, 134 F.3d 1393, 1399-400 (9th Cir.

19   1998) (verified motion swearing that statements are "true and correct" functions as

20   an affidavit); *Schroeder v. McDonald,* 55 F.3d 454, 460 n.10 (9th Cir. 1995)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

1   (pleading counts as "verified" if drafter states under penalty of perjury that the

2   contents are true and correct).  Although *pro se* pleadings are held to less stringent

3   standards than those prepared by attorneys, *pro se* litigants in an ordinary civil case

4   should not be treated more favorably than parties with attorneys of record.  *See*

5   *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

6   **B.  Section 1983 Claim**

7   Defendant moves for summary judgment on Plaintiff's Section 1983 claim

8   for alleged violation of his Fourteenth Amendment rights.  ECF No. 47 at 1-2.

9   Section 1983 requires a claimant to prove (1) a person acting under color of state

10   law (2) committed an act that deprived the claimant of some right, privilege, or

11   immunity protected by the Constitution or laws of the United States.  *Leer v.*

12   *Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person deprives another "of a

13   constitutional right, within the meaning of section 1983, if he does an affirmative

14   act, participates in another's affirmative acts, or omits to perform an act which he

15   is legally required to do that causes the deprivation of which the complaint is

16   made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  "If there is no

17   constitutional violation, the inquiry ends and the officer is entitled to qualified

18   immunity." *Ioane v. Hodges*, 939 F.3d 945, 950 (9th Cir. 2018).

19   Defendant concedes that he acted under color of state law during the events

20   at issue, so Plaintiff's claim turns on whether Defendant's actions deprived

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

1  Plaintiff of some right, privilege, or immunity protected by federal law.  *See* ECF

2  No. 47 at 5.  "Involuntarily committed patients in state mental health hospitals

3  have a Fourteenth Amendment due process right to be provided safe conditions by

4  the hospital administrators."  *Ammons v. Wash. Dept. of Soc. and Health Servs.*,

5  648 F.3d 1020, 1027 (9th Cir. 2011).  An involuntarily committed individual's

6  right to safe conditions is measured by a "professional judgment" standard.

7  *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982).  "[L]iability may be imposed

8  for failure to provide safe conditions 'when the decision made by the professional

9  is such a substantial departure from accepted professional judgment, practice, or

10  standards as to demonstrate that the person responsible actually did not base the

11  decision on such a judgment.'"  *Ammons*, 648 F.3d at 1027 (quoting *Youngberg*,

12  457 U.S. at 323).  "[T]his standard is equivalent to that required in ordinary tort

13  cases for a finding of conscious indifference amounting to gross negligence."

14  *Estate of Conners by Meredith v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988).

15      In this case, the undisputed facts are that Plaintiff exhibited violent and

16  threatening behaviors and was placed in seclusion, where he punched and kicked

17  the door and walls.  ECF No. 48 at 2, ¶¶ 6-11.  Defendant entered the seclusion

18  room using a foam pad and along with an ESH treatment team to administer an

19  antipsychotic injection to Plaintiff.  ECF No. 28 at 2-3, ¶¶ 9-15.  Plaintiff kicked

20  Defendant in the shin, lost his balance, and fell to the ground.  ECF No. 28 at 3, ¶¶

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

1  16-19.  Defendant fell on top of Plaintiff with the foam pad between them.  *Id.* at ¶

2  20.  Plaintiff was then restrained and received the injection.  ECF No. 48 at 3-4, ¶¶

3  21, 23.  Defendant used the least amount of force necessary to restrain Plaintiff.

4  ECF No. 48 at 4, ¶ 22.

5       Nothing in this record indicates that Defendant departed from standards of

6  professional judgment.  *Youngberg*, 457 U.S. at 323.  Defendant acted along with a

7  treatment team to administer an injection and utilized a foam pad to safely restrain

8  Plaintiff so Plaintiff could receive the injection.  These safety measures were

9  necessary in light of Plaintiff's violent and threatening behaviors and ESH staff's

10  knowledge of Plaintiff's history of violent behaviors.  Defendant's use of restraint

11  with the foam pad was an appropriate response to the violent behavior Plaintiff

12  exhibited and was done with specific knowledge of Plaintiff's history of violent

13  behaviors.  Additionally, Defendant did not force Plaintiff to the ground.  Instead,

14  Plaintiff kicked Defendant, lost his balance, and fell.  Any injury Plaintiff sustained

15  from his fall was the product of his own action, not Defendant's.  These facts do

16  not establish a violation of Plaintiff's Fourteenth Amendment rights.

17       In response to Defendant's motion, Plaintiff offers a November 15, 2018

18  radiology report of Plaintiff's hand showing evidence of an age-indeterminate

19  fracture.  ECF No. 50 at 3.  While this evidence may show that Plaintiff

20  experienced a hand injury at some point in his life, it does not connect that injury

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1 | to the events at issue in this case and does not demonstrate Defendant departed

2 | from appropriate standards of professional judgment.  Plaintiff has submitted no

3 | other relevant evidence in opposition to summary judgment.  Because the

4 | undisputed facts show no departure from standards of professional judgment,

5 | Plaintiff's Fourteenth Amendment rights were not violated.  *Youngberg*, 457 U.S.

6 | at 323.  Defendant is entitled to qualified immunity.  *Ioane*, 939 F.3d at 950.  Even

7 | construing the evidence in the light most favorable to Plaintiff, Defendant is

8 | entitled to judgment as a matter of law.  Significantly, Defendant has not rebutted

9 | the testimony that he punched and kicked the door and walls, both before and after

10 | receiving the antipsychotic injection.  *See* ECF No. 48 at ¶ 26 (Plaintiff remained

11 | angry and aggressive and repeatedly pounded the door with both fists.).

12 | Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma

13 | pauperis if the trial court certifies in writing that it is not taken in good faith."  The

14 | good faith standard is an objective one, and good faith is demonstrated when an

15 | individual "seeks appellate review of any issue not frivolous."  *See Coppedge v.*

16 | *United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an

17 | appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*,

18 | 490 U.S. 319, 325 (1989).

19 |

20 |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Permission to File Sur-Reply (ECF No. 53) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 47) is **GRANTED**.

3. Plaintiff's in forma pauperis status is **REVOKED**.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order, furnish copies to counsel, enter judgment for Defendant, and **close** the file.

**DATED** May 22, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11